MIKE SHIELDS v. R. LEE BREMER, Appellant

<hr>

(November 2, 1925, Opinion and Decree)

<hr>

(*Syllabus by the Court*)

1. **Louisiana Digest—Evidence—Par. 351.**
The testimony of the defendant that plaintiff told him to retain a certain amount out of a sum of money collected by defendant for plaintiff but denied by plaintiff, is not sufficient to entitle defendant . to a judgment.

Appeal from Civil District Court, Division "A". Hon. Hugh C. Cage, Judge.

This is a suit for the recovery of money.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

M. C. Scharff, of New Orleans, attorney for plaintiff, appellee.

Daly & Hamlin, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit for the recovery of money.

The plaintiff, a "horseman", owned a racehorse. He approached the defendant to secure the loan of $300.00 on his horse. The defendant sometimes takes chances on racehorses. The defendant declined to make the loan, but offered to introduce plaintiff to parties with whom he might deal. Plaintiff accepted. Defendant then

introduced plaintiff to Messrs. Netto and Raabe. They all four met at the defendant's house. In consideration of plaintiff giving Netto and Raabe the name of his horse, which he said would win in the next race, Netto and Raabe agreed that they would bet $100 each on plaintiff's horse in his name. At the next race Netto and Raabe bet 30 to 1 on plaintiff's horse, which came ahead by one inch. Plaintiff won $3500.00. Netto and Raabe immediately paid plaintiff $1000.00 and told him to send at their residence for the balance, $2500.00. Plaintiff sent Bremer, who received $2500.00 from Netto. Bremer then paid plaintiff $2000.00. All the above facts are agreed to be correct. But at this point Bremer swears that when plaintiff sent him to collect the $2500.00, plaintiff told him to keep $500.00 for all his trouble in introducing him to Netto and Raabe and collecting the $2500.00.

The plaintiff denied this.

He says that defendant was sufficiently paid by the information given to him of the name of the winning horse, and that it was his fault if he did not take advantage of it.

Defendant says: "I thought I would bet on the horse until I saw the price, and when I saw the price I was scared out of my wits; I thought the man was crazy."

The defendant is not corroborated by any witness or by any circumstance. There is no pretense that any promise of reward was made by plaintiff at the conference.

The district judge did not believe the defendant. He gave written reasons for judgment and at the conclusion says: "It was perfectly plain that he, Bremer, believed that Shields had made too much; he wanted a piece for himself. It was nothing more than conversion, it was embezzlement. It was handed to him by Mr. Netto for the purpose of handing to Mr. Shields, and his retention of a portion of it was a piece of embezzlement and in my opinion he could be indicted and prosecuted for it."

If not embezzlement it was vicious intromission.

The judgment of the District Court is affirmed.